UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ERNEST WEST                              |
                                         |
                     Petitioner          |          NOT FOR PUBLICATION
                                         |          MEMORANDUM & ORDER
             -against-                   |
                                         |          04-CV-2393 (CBA)
HAMILL, Acting Superintendent,           |
Livingston Correctional Facility,        |
                                         |
                     Respondent.         |
-----------------------------------------------------X
AMON, UNITED STATES DISTRICT JUDGE:

Petitioner Ernest West, represented by counsel, seeks a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  For the reasons set forth below, the petition is dismissed as untimely.


BACKGROUND

On the morning of November 17, 1991,  Charles Caruth, a car service driver who knew

West from West's previous employment with Caruth's car service, picked up West and an

accomplice and drove them to Queens.  West then stole Caruth's car and $200 by threatening

Caruth with what Caruth believed to be a gun.  Two days later, West was arrested while driving

Caruth's car, and Caruth subsequently identified him in a lineup.

West was convicted at jury trial of robbery in the first and second degrees, criminal

possession of stolen property in the third degree, and the unauthorized use of a vehicle in the

third degree.  On February 25, 1993, he was sentenced to concurrent indeterminate prison terms

of twelve and one-half to twenty-five years on the first-degree robbery count, three and one-half

to seven years on the possession of stolen property count, and a term of one year for the

unauthorized use of a vehicle count.

On February 14, 1995, the Appellate Division, Second Department unanimously affirmed West's conviction. People v. West, 622 N.Y.S.2d 572, 212 A.D.2d 651 (2d Dept. 1995). On March 31, 1995, the New York State Court of Appeals denied West's application for leave to appeal. People v. West, 85 N.Y.2d 916, 650 N.E.2d 1341, 627 N.Y.S.2d 339 (1995).

In or around December 1999,[1] West filed a motion for a writ of error coram nobis, which was denied by the Appellate Division on March 27, 2000. People v. West, 705 N.Y.S.2d 278, 270 A.D.2d 509. West then filed a motion to reargue his appeal on April 25, 2000 and a motion to reargue the denial of his motion for a writ of error coram nobis on July 18, 2000. In a decision dated August 25, 2000, West's motion to reargue his appeal was denied. On October 26, 2000, West's motion to reargue the denial of his motion for a writ of error coram nobis was also denied.

West filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 1, 2004. West claims that he was (1) denied his Sixth Amendment right to be present during all phases of the trial, (2) denied the effective assistance of appellate counsel, and (3) denied his Fifth Amendment right not be compelled to testify against himself based on the People's cross examination of him. Respondent argues that West's motion should be denied as untimely.

---

[1] Although there is some question as to the exact date of this motion, all parties concede that the motion was filed in or around December 1999.

DISCUSSION

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there

is a one-year statute of limitations for habeas corpus petitions filed after the date of the

AEDPA's enactment, April 24, 1996.  28 U.S.C. § 2244(d)(1).[2]  However, prisoners whose

conviction became final prior to the effective date of the AEDPA are accorded a period of one

year after the effective date of AEDPA in which to file a first § 2254 petition.  Ross v. Artuz,

150 F.3d 97, 103 (2d Cir. 1998).  AEDPA also provides for tolling of the one-year statute of

limitations under certain circumstances.  In particular, the "time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this

subsection." 28 U.S.C. §2244(d)(2).  Furthermore, equitable tolling may apply if a petitioner is

able to show that "extraordinary circumstances prevented [him] from filing his petition on

time,"and that "[petitioner] acted with reasonable diligence throughout the period he seeks to

toll.  Smith v. McGinnis, 208 F.3d 13, 17 (2000), cert. denied, 531 U.S. 840 (2000).

---

[2] The statute provides that the limitations period shall run from the latest of the following:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A defendant's conviction becomes final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987); see also 28 U.S.C. § 2244(d)(1)(A). In this case, the Appellate Division unanimously affirmed West's conviction, and the New York Court of Appeals denied leave to appeal on March 31, 1995. People v. West, 85 N.Y.2d 916, 650 N.E.2d 1341, 627 N.Y.S.2d 339 (1995). West's conviction became final ninety days thereafter, after the expiration of the period in which he could have petitioned for a writ of certiorari from the United States Supreme Court. Fernandez v. Artuz, 402 F.3d 111, 112 (2d Cir. 2005). Since West's conviction became final well before AEDPA took effect on April 24, 1996, the one year grace period for filing habeas corpus petitions pursuant to § 2254 established in Ross v. Artuz applies in this case. The grace period expired on April 24, 1997. Ross, 150 F.3d at 103. West filed the current petition on June 1, 2004, over seven years too late. Although West filed post-conviction motions in state court, he did not do so until after the grace period expired on April 24, 1997, and therefore is not entitled to statutory tolling under § 2244(d)(2).[3] West is therefore barred from instituting this action at this time absent circumstances meriting equitable tolling.

A petitioner seeking habeas relief bears the burden of establishing the propriety of equitable tolling. Boos v. Runyan, 201 F.3d 178, 185 (2d Cir. 2000). Further, a "conclusory and vague claim, without a particularized description . . . is manifestly insufficient to justify any further inquiry into tolling." Id. In this case, West's only proffered basis for seeking equitable tolling is that (1) he "has not been granted an impartial review of his legitimate claims . . . of

_____

[3] West does not argue that he is entitled to statutory tolling.

ineffective assistance of counsel, and his other claims raised in the initial appellate papers," (2) he "is unable to proceed without the assistance of counsel, and the actions of both the lower court and his counsel merit a tolling of the statute," and (3) "a manifest injustice will occur if the Court refuses to hear his petition." (Petitioner's Memorandum of Law at 7.)  These conclusory assertions are insufficient to meet West's burden on this claim.  West has not provided any factual basis to establish that he was subjected to extraordinary circumstances that prevented him from filing his petition on time, nor has he provided any evidence to indicate that he acted with reasonable diligence during the period of time that he seeks to toll.  West's assertion that he is unable to proceed without legal counsel is unavailing, as lack of legal representation does not merit equitable tolling. See McGinnis, 208 F.3d at 18 (petitioner's pro se status throughout most of the period of limitations does not merit equitable tolling); see also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999), cert. denied, 528 U.S. 1007 (1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").  As West has failed to state any basis upon which the period of limitations may be equitably tolled, this petition is untimely and must be dismissed.

CONCLUSION

For the reasons set forth above, West's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied as untimely.  A certificate of appealability will not issue, as West has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

SO ORDERED.

Dated:          Brooklyn, New York
                August 1, 2005


                                        Carol Bagley Amon
                                        United States District Judge